JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9925 PA | Date | December 27, 2012 |
|---|---|---|---|
| Title | In re Xavier Powell | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On December 5, 2012, this Court issued a Minute Order that noted that appellant Xavier Powell ("Appellant") had not filed certain documents as required by the Notice Regarding Appeal from Bankruptcy Court issued by the Court on November 20, 2012. In its December 5, 2012 Minute Order, the Court extended the deadline for Appellant to file the required documents to December 17, 2012, and warned Appellant that the failure to file the documents by that date could result in the dismissal of his appeal without further warning from the Court. To date, and despite the expiration of the deadline for Appellant to file the required documents, Appellant has failed to do so. The Court therefore concludes that Appellant has failed to adequately prosecute his appeal.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts). In determining whether to dismiss a case for failure to prosecute, a district court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994).

Taking all of the above factors into account, the Court concludes that dismissal for failure to prosecute is appropriate. The Court's conclusion is supported by the fact that Appellant has twice failed to comply with the Court's orders directing him to file documents.

The Court notes that a dismissal for lack of prosecution should not be entered unless a plaintiff has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, the Court cautioned Appellant on both November 20, 2012, and December 5, 2012, that the failure of either party to comply with time requirements as stated in the Notice Regarding Appeal from Bankruptcy Court and the December 5, 2012 Minute Order could result

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9925 PA | Date | December 27, 2012 |
|---|---|---|---|
| Title | In re Xavier Powell | | |

in the dismissal of the appeal or the right to oppose the appeal.  Accordingly, Appellant's appeal is dismissed without prejudice for failure to prosecute.

    IT IS SO ORDERED.